[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2008
THOMAS K. KAHN
CLERK

No. 07-14954
Non-Argument Calendar

_____

BIA Nos. A95-891-149 & A95-891-150

CARLOS JOSE RAMOS,
FLOR ZORAIDA MENDOZA RAMOS,
ALEHEA MAYERLING RAMOS,
CRISTINA INES RAMOS,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 8, 2008)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Petitioner Carlos Jose Ramos on behalf of himself, his wife Flor Zoraida Mendoza Ramos, and their children, Alehea Mayerling Ramos and Cristina Ines Ramos, all natives and citizens of Venezuela, seeks review of the Board of Immigration Appeals's ("BIA") denial of his motion to reconsider the BIA's denial of his motion to reopen. The BIA denied the motion to reconsider because it concluded that it had not made an error of fact or law in the denial of the motion to reopen.

Ramos argues that the BIA abused its discretion in denying the motion to reconsider because the denial of the motion to reopen was erroneous in fact and law. Ramos asserts that the evidence he presented with his motion to reopen was material, and obtained after his original removal hearing. Ramos also argues that he explained in his motion to reconsider why the evidence he submitted with his motion to reopen was unavailable for his initial hearing and did not include specific dates about the occurrences therein.

"We review the BIA's denial of a motion to reconsider for abuse of discretion." *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007) (quoting *Ass'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003)). Our review of the BIA's decision is "limited to determining whether there has been an exercise of administrative discretion" and whether the manner in which it was exercised "has been arbitrary or capricious." *Abdi v. U.S. Att'y Gen.*, 430 F.3d

2

1148, 1149 (11th Cir. 2005) (internal quotation omitted) (reviewing the denial of a motion to reopen).

"A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1); *see also* 8 U.S.C. § 1229a(c)(6)(C), INA § 240(c)(6)(C). A motion to reconsider that merely restates the arguments that the BIA previously rejected provides no reason for the BIA to change its prior decision. *Calle*, 504 F.3d at 1329. "Therefore, merely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider." *Id.* (quoting 8 C.F.R. § 1003.2(b)(1)). A motion to reconsider will be denied if it is based on legal arguments that could have been made in an earlier proceeding. *In re O-S-G*, 24 I&N Dec. 56, 58 (BIA 2006). In addition, "[a] motion to reconsider contests the correctness of the original decision based on the previous factual record, as opposed to a motion to reopen, which seeks a new hearing based on new or previously unavailable evidence." *Id.* at 57-58.

"A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1); *see also* 8 U.S.C. § 1229a(c)(7)(B), INA § 240(c)(7)(B). A motion to reopen "must be filed no later

than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2); *see also* 8 U.S.C. § 1229a(c)(7)(C)(i), INA § 240(c)(7)(C)(i).  However, the 90-day time limitation does not apply to a motion to reopen based upon "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii), INA § 240(c)(7)(C)(ii). The movant in a motion to reopen "bears a heavy burden" and must present new evidence that would likely change the result in the case if the proceedings before the Immigration Judge were reopened.  *Ali v. U.S. nAtt'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006) (internal quotation omitted).

After reviewing the record, we conclude in this case that the BIA did not make any factual or legal errors in its denial of the motion to reopen.  Furthermore, Ramos's arguments in his motion to reconsider reiterated previously made arguments or alleged new facts that should have been alleged in the motion to reopen.  Thus, we conclude that the BIA did not abuse its discretion when it denied the motion to reconsider.  Accordingly, we deny Ramos's petition for review.

**PETITION DENIED.**

4